value of the lands to be re-conveyed. Bill dismissed.

[Upon an appeal to the supreme court, the above decree was affirmed. 98 U. S. 334.]

Construction of land grant to Union Pacific Railroad Company and to the Sioux City branch (12 Stat. 489; 13 Stat. 356), see Sioux City & P. R. Co. v. Union Pac. R. Co. [Case No. 12,-909].

## Case No. 14,689.

### UNITED STATES v. BURNETT.

[Cited in U. S. v. Noelke, 1 Fed. 429, 433. See Case No. 14,571.]

## Case No. 14,690.

### UNITED STATES v. BURNHAM.

[1 Mason, 57.] [1]

Circuit Court, D. Massachusetts. May Term, 1816.

WRIT OF ERROR—REPLEADER—VIDELICET—OPINION ON MATTERS OF FACT—FORFEITURE.

1. Upon a writ of error, if the verdict below was given upon an immaterial issue, a repleader cannot be awarded; but judgment must be rendered against the party who committed the first fault if there be sufficient matter on which to found such judgment.

2. In an information on the fiftieth section of the collection act of 1799, c. 128 [1 Story's Laws, 617; 1 Stat. 665, ., 22], it is necessary to allege that the goods were unladen in some port or place within a collection district, without a permit from the collector of that port or district. But it will be sufficient if the fact be so, to allege the port or district to be to the attorney unknown. Material matter, although alleged under a videlicet, is traversable, and must be proved as laid. Of the nature and office of a videlicet. Where immaterial matter may be rejected as surplusage or not.

[Cited in Garland v. Davis, 4 How. (45 U. S.) 143.]

3. It is no ground for a bill of exceptions that a court refused to instruct the jury on a point of law, which was so stated that it involved an opinion on matters of fact, as where an opinion was prayed "under the circumstances of the case," which were not found as facts.

[4. Cited in Wicker v. Hoppock, 6 Wall. (73 U. S.) 99, Warren v. Stoddart, 105 U. S. 230, Lawrence v. Porter, 11 C. C. A. 27, 63 Fed. 67, and Judice v. Southern Pac. Co. (La.) 16 South. 817, to the point that, where a party is entitled to the benefit of a contract, and can save himself from a loss arising from a breach of it, at a trifling expense, or with reasonable exertions, it is his duty to do it, and he can charge the delinquent with such damages only as with reasonable endeavors and expense he could not prevent.]

This was a writ of error from a judgment of the district court of Massachusetts, rendered upon an information in rem, against certain goods and merchandise seized on land, by the collector of the district of Boston and Charlestown, at Boston, in said district, for an alleged breach of law. The information charged in substance, that the goods and merchandise being of foreign growth, produce, and manufacture, and liable to the pay-

[1] [Reported by William P. Mason, Esq.]

ment of duties on importation, were imported and brought into the United States, in some ship or vessel unknown, from some foreign port or place unknown, and "were afterwards, to wit, on the 15th of January, 1816, unladen and delivered from said vessel within the United States, to wit, at Boston, in said district, without a special license or permit from the collector, naval officer, or any other competent officer of said port, for such unlading and delivery, contrary to the statute in such case made and provided." And it is farther charged, that the duties on the same goods had not been paid, or secured to be paid, according to law; by reason of all which they became forfeited.

The claimant [Samuel Burnham] in his plea alleged, that the duties to which the goods, &c., were liable, had been paid or secured to be paid, according to law; and that "they were not unladen, or delivered within the United States, without a special license or permit from the collector of the customs of the United States, at the port or district where said goods were first entered, viz. the district of Memphremagog," and that the goods, &c. have not become forfeited as alleged in the information. The replication on behalf of the United States alleged, that the duties on the goods had not been paid, or secured to be paid, according to law; and "that the same were unladen, and delivered, within the United States, without a special license or permit from the collector of the customs of the United States, at the port where the said goods were entered," and that the same have become forfeited, as in the information alleged, and prayed this to be inquired of by the country; and the issue was accordingly joined by the claimant. At the trial in the district court, a bill of exceptions was filed to the opinion of the court. The bill of exceptions recited the testimony, depositions, and evidence given in the cause, at large, by which, among other things, it appeared, that the goods were brought from Canada into the district of Memphremagog, of which Derby constituted the sole port of entry, and is the place where the office for the collection of duties is established; that the collector of the district resided at Irasburg, about fourteen miles from Derby, and within the district aforesaid, where the goods were entered, and bonds taken for the security of the regular duties, and a permit for unlading granted by the collector upon the application of the claimant, without the goods ever having been seen by the collector, or any other officer of the customs, and without the collector knowing whether the goods were at the time of such entry at Irasburg, or whether they had ever been brought to the port of Derby aforesaid. And thereupon the attorney for the United States moved the court to instruct the jury "that inasmuch as the entry, if any such existed, was made at Irasburg, which was not then, nor ever, a legal port of entry, the supposed entry, as also the